IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

ADAM TORRES,

                      Plaintiff,

v.                                      Action No. 3:10–CV–179

SOH DISTRIBUTION CO., INC.,

                      Defendant.

## MEMORANDUM OPINION

This matter is before the Court on Defendant SOH Distribution Co.'s Motion to Dismiss, or in the Alternative, To Transfer Venue (Dock. Nos. 3, 7). For the reasons stated below, the Court will GRANT the Motion to Transfer.

## I. BACKGROUND

Defendant SOH Distribution Co. distributes snack food products. Its principal office is located in Hanover, Pennsylvania, which sits in the Middle District of Pennsylvania. Plaintiff Adam Torres worked in a SOH warehouse in Richmond, Virginia from approximately the Spring of 2008 until January 2010. (Adam Torres Aff. ¶¶ 3, 25, Apr. 3, 2010.) He began his employment with SOH doing various work around the warehouse as well as making deliveries to other SOH warehouses located in Virginia. In June 2009, SOH offered Torres the opportunity to become a route driver, a job that involved selling and distributing SOH products to vendors. For Torres to accept the position, SOH said he would have to sign a Distributor Agreement. Apparently without reading or understanding the Agreement (Torres Aff. ¶¶ 8, 22), he signed it on July 20, 2009. Right above the signature lines, the Agreement states that by signing the Agreement Torres acknowledges that he

"has read and understands each of its provisions." (SOH Mem. in Supp. Mot. to Dismiss, Ex. 1, at 11.) The Agreement granted Torres the right to buy and sell SOH products within a defined geographic territory. The Agreement also claimed to treat Torres as an independent contractor. A forum selection clause in the Agreement states in all capital letters:

> The parties agree that to the extent any disputes arise that cannot be resolved directly between them, distributor shall file any suit against SOH only in the federal or state court having jurisdiction over where SOH's principal office is then located. The parties further agree that SOH may, at its option, file suit in either the federal or state court having jurisdiction over where SOH's principal office is located or in the federal or state court having jurisdiction over where Distributor resides or does business or where the claim arose. Distributor irrevocable submits to the jurisdiction of any such court and waives any objection it may have to either the jurisdiction or venue of any such court.

(SOH Mem. in Supp. Mot. to Dismiss, Ex. 1, at 9.) The Agreement's choice of law provision provides that "[t]he validity, interpretation and performance of this Agreement shall be controlled by and construed in accordance with the laws of the Commonwealth of Pennsylvania, without giving effect to its conflict of laws or choice of law provisions." (SOH Mem. in Supp. Mot. to Dismiss, Ex. 1, at 10.)

During the time Torres worked as a route driver, a dispute developed between him and SOH over certain payments and credits Torres felt he was due. Torres was eventually fired in January 2010 without a resolution to those disputes. In February, Torres filed suit in the circuit court for the City of Richmond claiming that SOH's actions violated the Fair Labor Standards Act and breached the Agreement. SOH removed the case to this Court the following month and then filed this motion to dismiss or in the alternative to transfer

venue to the United States District Court for the Middle District of Pennsylvania, arguing that the clear terms of the Agreement dictate that Pennsylvania is the only proper forum to hear Torres's claims. Torres objects to dismissal or transfer.

## II.  LEGAL STANDARD

This Court reviews a motion to dismiss pursuant to a forum selection clause under Federal Rule of Civil Procedure 12(b)(3). Sucampo Pharms., Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 550 (4th Cir. 2006). In reviewing a motion to dismiss under Rule 12(b)(3), this Court may "freely consider evidence outside the pleadings." Id. Nevertheless, "[i]n deciding a motion to dismiss, all inferences must be drawn in favor of the plaintiff, and 'the facts must be viewed as the plaintiff most strongly can plead them.'" Sun Dun, Inc. of Wash. v. Coca-Cola Co., 740 F. Supp. 381, 385 (D. Md. 1990) (quoting Coakley & Williams, Inc. v. Shatterproof Glass Corp., 706 F.2d 456, 457 (4th Cir. 1983)). If the district court determines that venue is improper, it may dismiss the case, or if it be in the interest of justice, transfer the case to a district in which the suit should have been brought. 28 U.S.C. § 1406(a).

## III.  DISCUSSION

### A. Forum Selection Clause

When faced with a forum selection clause, federal courts must first determine which law governs the enforceability and applicability of the clause. Eisaman v. Cinema Grill Sys., Inc., 87 F. Supp. 2d 446, 448 (D. Md. 1999). The proper law to apply to questions regarding the enforceability of forum selection clauses in a case based on federal question jurisdiction is federal law. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590 (1991).

3

It is less clear, however, what law should apply in a case such as this one that involves a federal question in addition to a state contract claim that is heard based on supplemental jurisdiction.[1] The potential choices here are federal law, Virginia law because the case was brought here, or Pennsylvania law because the Agreement contains a Pennsylvania choice of law provision.[2] Resolution of this motion does not hinge on this issue however, because each of those fora have adopted the federal standard to determine whether a forum selection clause is valid and enforceable. See Paul Bus. Sys., Inc. v. Canon U.S.A., Inc., 240 Va. 337, 397 (1990) (adopting the federal standard for analyzing the enforceability of forum-selection clauses); Patriot Commercial Leasing Co., Inc. v. Kremer Rest. Enters., LLC, 915 A.2d 647, 650-51 (Pa. Super. Ct. 2006), appeal denied, 951 A.2d 1166 (Pa. 2008) (same). Thus, the Court can proceed by applying federal law.

Federal law presumes mandatory forum selection clauses to be prima facie enforceable for claims within their scope "unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972); Pee Dee Health Care, P.A. v. Sanford, 509 F.3d 204, 213 (4th Cir.

---

[1] The notice of removal does not address on what grounds this court has jurisdiction over the breach of contract claim. Although it appears that the parties are diverse because SOH is a Delaware corporation with its principal place of business in Pennsylvania and Torres is a Virginia resident, the amount in controversy is, according to the complaint, only $13,500. Accordingly, this Court does not have diversity jurisdiction. Supplemental jurisdiction under 28 U.S.C. § 1367, however, would apply here because of the Fair Labor Standards Act claim Torres also asserts.

[2] If Virginia and Pennsylvania law conflicted here, Pennsylvania law would control because the Agreement states that Pennsylvania law should apply to disputes under the Agreement and because Virginia law favors respecting contractual choice of law provisions. See Hooper v. Musolino, 234 Va. 558, 566 (1988).

4

2007). Accordingly, this Court's task in determining the enforceability and applicability of the forum selection clause at issue is threefold. First, it must establish whether the clause is mandatory. If so, the clause is presumptively enforceable. M/S Bremen, 407 U.S. at 10. Second, the Court must establish whether the clause is presumptively enforceable against the particular claims in dispute, i.e. whether the claims fall within the scope of the clause. If it finds that they do fall within the clause's scope, then that clause presumptively applies to bar their adjudication outside its designated forum. See, e.g., Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 628 (4th Cir. 1999). Third and finally, the Court must decide whether the party opposing the clause's enforcement has rebutted the presumption of enforceability by proving that enforcement would be unreasonable. If it has not, the clause will be enforced. M/S Bremen, 407 U.S. at 15 ("The correct approach [is] . . . to enforce the forum clause specifically unless [the resisting party can] clearly show that enforcement would be unreasonable and unjust . . . .").

First, the forum selection clause here is mandatory. A mandatory forum selection clause contains "clear language showing that jurisdiction is appropriate only in the designated forum." Garrett v. Gulf Stream Coach, Inc., No. 3:08cv792, 2009 WL 936297, at *2 (E.D. Va. Apr. 7, 2009). As agreed by the parties, the "Distributor shall file any suit against SOH only in the federal or state court['s]" in Pennsylvania. Id. at *3. The language of the forum selection clause in the Agreement is unambiguous—Pennsylvania is the mandatory forum.

Second, the claims brought by Torres fall within the scope of the forum selection clause. The clause states that it applies to "any disputes" between Torres and SOH. This is

5

such a dispute, therefore the clause applies and is presumptively enforceable. Torres does not present any arguments to the contrary.

As to the third step in this process, Torres presents his sole credible attempt to resist the motion to dismiss by asserting that enforcement of the clause is unreasonable and therefore the presumption of enforceability is rebutted.[3] A clause is unreasonable if (1) it was the result of fraud or overreaching; (2) trial in the contractual forum would be so gravely difficult and inconvenient for the complaining party that he would for all practical purposes be deprived of his day in court; or (3) enforcement would contravene a strong public policy of the forum in which suit is brought. Pee Dee Health Care, P.A. v. Sanford, 509 F.3d 204, 213-14 (4th Cir. 2007) (citing M/S Bremen, 407 U.S. at 10, 15-18) (internal quotation marks and citations omitted). The burden of proving the unreasonableness of a forum-selection clause is a heavy one, requiring Torres to "clearly show that enforcement would be unreasonable and unjust." See M/S Bremen, 407 U.S. at 15; see also Carnival Cruise Lines v. Shute, 499 U.S. 585, 592 (1991).

In this case, Torres's primary argument for disregarding the forum selection clause is that it is unenforceable because the Agreement is an unconscionable contract of adhesion. His argument, in its entirety is this:

> What makes the choice of forum provision particularly unconscionable is the fact that it is one-sided. [SOH] not only attempts to limit Torres to file only in

---

[3] Torres also raises several arguments that can be quickly discarded. First, by removing the case from state to federal court, SOH has not waived the right to enforce the forum selection clause. See Kilgallen v. Network Solutions, Inc., 99 F. Supp. 2d 125, 129 (D. Mass. 2000). Second, by signing the forum selection clause, Torres consented to the jurisdiction of the courts of Pennsylvania. See Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 281 n.11 (4th Cir. 2009).

> Pennsylvania, but attempts to reserve to itself the right to pick a different forum. The entire Agreement strips Torres of any possible rights and places 100% of the power of the relationship in [SOH's] hands. The result is an unconscionable and unenforceable contract of adhesion.

(Torres Resp. in Opp. 6.) The Court must reject this argument. A mere lack of actual bargaining will not render a forum selection clause unenforceable. See Carnival Cruise Lines, 499 U.S. at 593-94 (noting that forum selection clauses in form contracts "well may be permissible," notwithstanding that the terms of such contracts are not subject to bargaining). Absent evidence of a bad-faith motive, disparity in bargaining power does not render a forum selection clause fundamentally unfair. Id. at 595. Torres hints at bad-faith by asserting that the Agreement limited Torres to one forum while granting SOH a broader range of potential fora if it decided to sue him. This allegation disregards the legitimate interests Carnival Cruise Lines recognized as justifying the enforceability of forum selection clauses in form contracts. Such clauses preserve judicial and litigant resources by determining, ex ante, where suits must be brought and defended, and benefit consumers who enjoy lower prices "reflecting the savings that the [party with greater bargaining power] enjoys by limiting the fora in which it may be sued." Id. at 594. Ultimately, Torres could have decided to keep his previous position with SOH and would not have been asked to sign the Agreement. But he chose not to; and in signing the contract he gained certain rights and gave up others, including the right to sue SOH wherever he desired. This exchange of rights was not unconscionable.

Although Torres does not explicitly make any additional arguments, the affidavit he submitted along with passing references to the affidavit in his response motion raise the issues of whether the clause was induced by fraud and whether it would be unfair to

7

enforce the clause. To the extent these arguments are offered, they too are rejected. As to fraud, Torres is estopped from seeking to enforce the contract while at the same time asserting that it was procured by fraud. See Retail Brand Alliance, Inc. v. Rockvale Outlet Ctr., LP, No. 06-1857, 2007 WL 403885, at *4 (E.D. Pa. Jan. 31, 2007).

Torres also appears to assert in his affidavit that if the case is transferred to Pennsylvania he will be prevented from pursuing his claim. He reasons that he will not be able to find another attorney who would accept the case on a contingency fee basis, as has his current attorney, and he will be unable to travel to Pennsylvania because he lacks transportation and money. As stated above, for Torres to prevail on this argument, he must show that trial in the contractual forum would be so gravely difficult and inconvenient for him that he would for all practical purposes be deprived of his day in court. See Pee Dee Health Care, P.A. v. Sanford, 509 F.3d 204, 213-14 (4th Cir. 2007). He has not made that showing. The forum-selection clause at issue here does not make it impossible for Torres to sue SOH. It merely requires him to do so in Pennsylvania. Pennsylvania may be more inconvenient for Torres, and he may regret assenting to the clause, but he has not met his burden to show that the prospect of litigation in Pennsylvania presents the sort of grave hardship or deprivation of an opportunity to participate that invalidates a presumptively valid forum-selection clause. There are assuredly attorneys in the Middle District of Pennsylvania that would be willing to take cases on contingency. While Torres may suffer some inconvenience because he currently lacks his own automobile, that alone does not result in a grave inconvenience sufficient to invalidate the forum selection clause. Public transportation could be used if Torres needs

to be present in federal court in Pennsylvania, which sits approximately 200 miles from Richmond. Moreover, on many occasions, his presence would not be required or necessary, such as for discovery hearings, scheduling conferences, or other motions hearings. Therefore, any argument concerning inconvenience fails.

**B. Whether Dismissal or Transfer is Appropriate under 1406(a)**

The forum selection clause renders venue improper in Virginia, and as a result, this Court has the discretion to either dismiss the case or transfer it "to any district or division in which it could have been brought" if such transfer is "in the interest of justice." 28 U.S.C. 1406(a). The central inquiry in determining whether the "interest of justice" requires transfer rather than dismissal regards the effect on the plaintiff. The Hipage Co., Inc. v. Access2Go, Inc., 589 F. Supp. 2d 602, 611 (E.D. Va. 2008). Here, the Court will transfer the case. Dismissal for improper venue where venue would properly lie elsewhere "would serve no real purpose other than to add the additional expense of re-filing the case." Simpson v. Snyder's of Hanover, Inc., No. 05-CV-354, 2006 WL 1642227, at *7 (W.D.N.C. June 12, 2006). Furthermore, SOH does not object to transfer in lieu of dismissal.

If the Court finds that transfer is in the interest of justice, the Court also must find that the transferee court has subject matter jurisdiction over the action, and that personal jurisdiction and venue are proper in the transferee court before transferring the case. See Johnson v. Helicopter & Airplane Serv. Corp., 389 F. Supp 509, 523 (D. Md. 1974). As mentioned above, these requirements are met here. Therefore, because venue properly lies only in the Middle District of Pennsylvania, and § 1406 allows a court to cure improper venue by transferring the action, the Court will grant SOH's Motion to Transfer.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Transfer and DENIES the Motion to Dismiss.

Let the Clerk send a copy of this memorandum to all counsel of record. An appropriate order will issue.

It is SO ORDERED.

```
_____/s/_____
James R. Spencer
Chief United States District Judge
```

ENTERED this  13th   day of May 2010